**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| REGINALD DEVONTA WEST, JR., )<br>)<br>Petitioner, )<br>vs. )<br>)<br>SUPERINTENDENT, Indiana State Prison, )<br>)<br>Respondent. ) | 2:11-cv-249-WTL-WGH |

**E N T R Y**

The petitioner's **current custodian is substituted as the respondent**.

The petitioner's current address has been noted on the docket.

Final judgment in this action for habeas corpus relief was entered on July 23, 2012. Petitioner West seeks reconsideration of the denial of his petition for a writ of habeas corpus based on the expiration of the statute of limitations. The motion to reconsider was signed by the petitioner on October 11, 2012, more than ten weeks after the entry of final judgment.

A motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Hope v. United States,* 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992))

Rule 60 of the *Federal Rules of Civil Procedure* regulates the procedure for obtaining relief from final judgments. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006)(citing *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 983 (7th Cir. 1989)).

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th

Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b),.

West's motion to reconsider re-narrates the chronology of his challenge to his conviction in the Indiana state courts and of the filing and the dismissal of his petition for a writ of habeas corpus. The motion to reconsider also recites that West was misadvised or was abandoned by counsel during the post-conviction relief process—a point to which his Sixth Amendment right to the effective assistance of counsel did not extent, *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). This information, however, either was or could have been submitted in response to the respondent's argument regarding the timeliness of the habeas petition.

Relief from judgment under Rule 60 is warranted "only upon a showing of extraordinary circumstances that create substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986); *see also United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992)(explaining that a post-judgment motion "must be shaped to the specific grounds for modification or reversal found in 60(b)--they cannot be general pleas for relief."). West has made no showing of mistake, inadvertence, surprise, excusable neglect or any other condition that would justify reopening this case.

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, Fed.R.Civ.P. 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). West's motion to reconsider does not show either of these circumstances. That motion [21] is therefore **denied.**

**IT IS SO ORDERED.**

Date: 10/22/2012

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

**Reginald Devonta West, Jr.**
**#998151**
**Indiana State Prison**
**One Park Row**
**Michigan City, IN 46360**

All Electronically Registered Counsel